# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|                                      |   |                                |
|--------------------------------------|---|--------------------------------|
| **UNITED STATES OF AMERICA**         | ) | Case No. 5:10cr00028-2         |
| v.                                   | ) | **REPORT AND RECOMMENDATION**  |
| **LUIS ALBERTO CASTRO MAYORQUIN,**   | ) | By: Hon. James G. Welsh        |
| *Defendant*                          | ) | U.S. Magistrate Judge          |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a multi-count Indictment charging in **Count One** that from on or about May 2009 to on or about June 30, 2010 this defendant knowingly and intentionally combined, conspired, confederated and agreed with other persons, known and unknown to the Grand Jury, to distribute five hundred (500) grams or more of a mixture and substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; and charging in **Count Two** that on or about June 23, 2010 this defendant, acting as a principle and as an aider and abettor, knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). In addition, the Indictment contains a **Notice of Forfeiture** apprising the defendant that certain of his property was subject to forfeiture upon conviction of any one or more of the offenses alleged against him.

The plea hearing was conducted before the undersigned on December 14, 2010. The defendant was at all times present in person and with his counsel, Roland M. L. Santos. The United States was represented by Jeb T. Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure. Also present was a properly qualified Spanish language interpreter for the defendant. *See* Rule 28.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis in fact for each plea, and the defendant entered pleas of guilty to the felony offenses charged in Counts One and Two of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is LUIS ALBERTO CASTRO MAYORQUIN; he is twenty-six (26) years of age, and he completed the 5th grade in school in Honduras. He represented that his ability to understand English is limited; however, with the assistance of the Spanish language interpreter he is able to understand and participate fully without difficulty. He testified that he has no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the court proceeding; he stated that he was using no alcoholic beverage, medication or drugs which might impair his ability to understand and to participate fully in the proceeding; he testified that his mind was clear, and he acknowledged that he was in court for the purpose of entering pleas of guilty to two felony offenses which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter the proposed pleas of guilty.

The defendant acknowledged that he had received a copy of the Indictment, that it had been translated, read and explained to him, and that he fully understood each of the charges against him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of each of the charges against him in the Indictment, and he specifically understood the offenses charged in Counts One and Two were felony offenses. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter pleas of guilty to the two charges

had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

At the beginning of the hearing, counsel for the defendant informed the court that his client's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). During the hearing, counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to the offenses charged in Count One and Two of the Indictment [¶A.1.]; the defendant's express understanding that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, and that his assets may be subject to forfeiture [¶¶A.1. and B.4.a.]; the defendant's express admission of his factual guilt to the offenses charged in Counts One and Two [¶A.1.]; the defendant's obligation to pay a $100.00 special assessment per felony count conviction, his potential obligation for restitution and asset forfeiture, and his potential obligation for incarceration and supervised release fees [¶¶A.1. and B.4.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth

in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶B.1.]; the parties' understanding that the government would object to any sentence below the guideline range [¶B.1.]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document, including any dismissed counts, are relevant sentencing conduct [¶B.2]; the parties' agreement that at sentencing on Count One the defendant will be held responsible for at least 500 but not more than 1.5 kilograms of methamphetamine with a resultant guideline base offense of level of 32 pursuant to guideline section 2D1.1(c)(4) [¶B.2.]; the agreement's provision providing that to the extent that it was not inconsistent with the terms of the plea agreement each party remains free to argue which guideline section(s) should or should not apply [¶B.2.]; the agreement's acceptance of responsibility provision [¶B.2.]; the defendant's monetary obligations, including the terms of his obligation to pay a mandatory assessment of $100.00 per felony count of conviction [¶ B.4.]; the defendant's comprehensive waiver of appeal rights [¶C.1.]; the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶C.3.]; the defendant's acknowledgment that he had been effectively represented in this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted a binding contractual understanding between the parties [¶E.2]; the defendant's acknowledgment that the written agreement sets forth the entire understanding between the parties ¶E.4.]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)B(N) and 11(c)(1)B(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was the same, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the statutory minimum and maximum penalties for conviction of the offense charged in Count One, the defendant stated he understood that confinement in federal penitentiary for ten (10) years to be the minimum statutory penalty for the offense charged in Count One and that the maximum possible penalty provided by law for conviction of the offense charged in Count One to be confinement for life, a $4,000,000.00 fine, and a term of supervised release or deportation and exclusion from the United States;[1]

---

[1] The defendant was informed that he could be sentenced to less than ten (10) years imprisonment if

similarly, after counsel for the government outlined the maximum penalties for conviction of the offense charged in Count Two, the defendant stated he understood the maximum possible penalty provided by law for conviction of the offense charged in Count Two to be confinement in a federal penitentiary for twenty (20) years, a $1,000,000.00 fine, and a term of supervised release or deportation and exclusion from the United States. *See* Rule 11(b)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his pleas, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence

---

the government makes a substantial assistance motion on his behalf pursuant to 18 U.S.C. § 3553(e) or if he qualifies pursuant to the "Safety Valve" provision in 18 U.S.C. § 3553(f).

disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and would require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)−(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw his guilty pleas. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶C.1.], the defendant expressly acknowledged that he understood that he was waiving all rights to appeal his conviction or any sentence which did not exceed the maximum penalty permitted by law. Likewise, pursuant to the terms of the plea agreement [¶C.2.], he expressly acknowledged that he understood he was waiving all rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offenses charged in Counts One and Two because he had in fact participated in the methamphetamine distribution conspiracy as described in Count One and had distributed methamphetamine as described in Count Two of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, the government submitted for filing a written proffer which summarized the essential facts the government was prepared to prove at trial. The defendant and his counsel each represented that the statement fairly and accurately summarized the government's case. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting with his attorney, the defendant waived a reading of the indictment. He was then called-upon for his plea, and he entered a plea of GUILTY to Count One alleging his violation of Title 21 United States Code, Section 846 and a plea of GUILTY to Count Two alleging his violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)C). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of his guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty plea.

## GOVERNMENT'S EVIDENCE

The government's written statement setting forth the factual basis for the offense is incorporated herein by reference.

## FINDINGS OF FACT

Based on the evidence, the representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas to the charges set forth in Counts One and Two of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea, including the applicable mandatory minimum penalty and the statutory maximum possible penalty;

3. The defendant is fully aware both of the nature of the charge set forth in Count Two of the Indictment and of the consequences of his guilty plea, including the statutory maximum possible penalty;

4. The defendant is fully aware that he may be subject to deportation as a consequence of his plea of guilty;

5. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

7. The defendant's entry into the plea agreement and his tender of pleas of guilty to Counts One and Two were made with the advice and assistance of counsel;

8. The defendant knowingly and voluntarily entered his pleas of guilty to Counts One and Two of the Indictment;

9. The defendant's pleas of guilty did not result from force, threats, inducements or promises other than those promises contained in the written plea agreement;

10. The plea agreement complies with the requirements of Rule 11(c)(1); and

11. The evidence presents an independent basis in fact containing each essential element of the two offenses to which the defendant has entered pleas of guilty.

**RECOMMENDED DISPOSITION**

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to the offenses charged in Counts One and Two of the Indictment and he be adjudged GUILTY of both said offenses, and that a sentencing hearing be set by the set for March 9, 2011 at 10:00 a.m. before the presiding district judge.

**NOTICE TO PARTIES**

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those

portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: this 29th day of December 2010.

                                            *s/ James G. Welsh*
                                            U.S. Magistrate Judge